| ¶ STEWART, J.,
dissenting.
I dissent from the majority’s opinion, because I do not find that Lifecare has sustained its burden of proof on summary judgment as to the charges for October 2002 and November 2002.
LAC 40:I:2519(B) states, “Special reimbursement consideration will be given to cases that are atypical in nature due to case acuity causing unusually high charges when compared to the provider’s usual case mix.” The record shows that Life-care billed the City on a monthly basis for the charges incurred in the care of Mr. Cox. The joint stipulation of facts entered by the parties establishes that for the month of September 2002, Mr. Cox’s case was “atypical in nature due to case acuity causing unusually high charges compared to [Lifecare’s] usual case mix.” Thus, Lifecare was reimbursed by the City at the special reimbursement rate.
The joint stipulation also includes Life-care’s admission that “after September 2002, and for the remainder of his stay at Lifecare, the patient, Alvin Cox, due to his improved condition, no longer was ‘atypical’ as compared to Lifecare’s usual case mix.” I construe this as meaning Mr. Cox’s case, due to his improved condition, was no longer atypical in comparison to Lifecare’s usual case mix and no longer within that category of cases given special reimbursement consideration. Nothing in the statute requires reim *844 bursement at the special rate once a case is no longer considered atypical under the statute. Lifecare’s admission precludes recovery of reimbursement at the special rate for atypical cases for the charges billed for the months of October 2002 and November 2002. Lifecare’s admission also precludes summary judgment in its favor.
For these reasons, I respectfully dissent.
STEWART, J., dissents with reasons.